

# The Attorney General of Texas

December 13, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501


701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944


4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484


723 Main, Suite 610
Houston, TX. 77002
713/228-0701


806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238


4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547


200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191


An Equal Opportunity/
Affirmative Action Employer

Major General Willie L. Scott
TexARNG, The Adjutant General
P. O. Box 5218
Austin, Texas 78763

Opinion No. MW-100

Re: Application of article 6813d, V.T.C.S., to state employees returning after military service and to prior service of National Guard Technicians.

Dear General Scott:

You have requested our opinion whether periods of military service which otherwise entitle an individual to rights afforded under article 6252–4a, section 3, V.T.C.S., and chapter 43 of Title 38 U.S.C. are also applicable for longevity pay purposes under article 6813d, V.T.C.S.

Earlier opinions of this office have held that persons reemployed are entitled to longevity credit for pay purposes for the time spent in the military. Attorney General Opinions M–886 (1971); M–250 (1968). These opinions were based upon a liberal interpretation of article 6252–4a, section 3, which provides in part:

> Any person who is restored to a position . . . shall be considered as having been on furlough or leave of absence . . . and shall be entitled to participation in retirement or other benefits to which employees of the State of Texas . . . are, or may be, entitled. . . .

(Emphasis added).

Attorney General Opinion M–250 at 3, supra, was relied upon in M–886 (1971) and H–941 (1977), and stated in part that such a person:

> . . . on returning from military leave prior to the effective date of Article 6252–4a, Vernon's Civil Statutes, is entitled to credit for pay purposes for the time spent in military service. Such a procedural and remedial statute is not only construed liberally but may be applied retroactively. 53 Tex. Jur.2d 53, Statutes, Sec. 29.

Article 6813d, V.T.C.S., enacted by the 66th Legislature provides in section 1 that each qualified employee "is entitled to longevity pay of a maximum of $4 per month for each year of service as an employee of the state. . . ." within the time limitations set out therein.

Accordingly, we conclude that the longevity pay benefits provided for in article 6813d, V.T.C.S., are applicable to those individuals entitled to the benefits provided for in article 6252-4a, section 3, V.T.C.S. Chapter 43 of Title 38 U.S.C. does not affect the provision of benefits under these state statutes and we therefore will not address it.

Your second question inquires whether service as a National Guard Technician prior to 1 January 1969 is creditable as "years of service as an employee of the state" for purposes of longevity pay under article 6813d, V.T.C.S. In this connection you refer to article 6228a, section 4 I, V.T.C.S., and the case of Maryland v. United States, 381 U.S. 41 (1965).

Article 6228a, section 4 I, V.T.C.S., provides:

> Prior to December 31, 1977, a member of the system with established creditable service as an officer or employee, exclusive of military credit, for no less than 12 of the 60 months immediately preceding the date of this amendment, may establish service performed as a National Guard Technician with the Texas Adjutant General's Department if such service was performed prior to January 1, 1969, and is not otherwise creditable in any state or federal retirement system. Service shall be established for retirement purposes upon payment in a lump sum of all applicable contributions, interest, and fees. All such amounts, and state matching funds therefor, shall be calculated in the manner and amounts provided in this Act for service not previously established.

Section 4, subsection I was added by Acts of the 65th Legislature with an effective date of September 1, 1977, and specifically provides that if an individual described therein follows the procedure set out within the prescribed time limits, that person may qualify for credit in the state retirement system for certain periods of employment as a National Guard Technician.

In the Maryland case, supra, the Supreme Court affirmed an appellate court opinion that the federal government was not liable under the Federal Tort Claims Act for the negligence of a National Guard officer and employee, because the negligent party was not an "employee" of the United States, but an employee of the state.

While the Maryland case is not directly in point regarding employment benefits such as retirement or longevity, it clearly points out that, at the time of the decision, National Guard personnel were to be regarded as employees of the state. This status was subsequently altered by Congress with the enactment of the National Guard Technicians Act, 32 U.S.C., section 709, which classified these personnel as federal employees.

Although article 6228a, section 4 I, V.T.C.S., pertains to eligibility for the state retirement system for the described class of employees, and makes no reference to longevity pay benefits, it is remedial legislation which recognizes the nature of this class of individuals as state employees during their prior service as National Guard Technicians.

It would be inconsistent with the required liberal construction of such statutes to find that the remedial effects of article 6813d, section 1, V.T.C.S., regarding longevity pay, should not apply to a described class of individuals recognized elsewhere by the legislature for remedial purposes. We accordingly conclude that the remedial effects of article 6813d, section (1), V.T.C.S., apply to the qualified National Guard Technicians described in article 6228a, section 4 I, V.T.C.S.

## S U M M A R Y

The longevity pay benefits provided for in article 6813d, V.T.C.S., are applicable to those individuals entitled to the benefits provided for in article 6252-4a, section 3, V.T.C.S. Years of service as a National Guard Technician prior to January 1, 1969, are creditable as years of service as an employee of the state for purposes of longevity pay, as established by article 6813d, V.T.C.S.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bob Gammage
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood
Lonny Zwiener